UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Margaret L. Dennis,

    Plaintiff,

vs.            Case No. 3:06-cv-43-J-20MCR

The Northwestern Mutual Life Insurance
Company, a Wisconsin Corporation,

    Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant Northwestern Mutual's Motion to Strike (Doc. 6) filed March 14, 2006. Plaintiff filed a response opposing Defendant's motion on March 28, 2006. Accordingly, the matter is now ripe for judicial review.

## I. BACKGROUND

On January 17, 2006, Plaintiff filed the Complaint in this case seeking damages for breach of the four disability policies she purchased from Defendant. (Doc. 1). Although Plaintiff states claims and seeks damages only for breach of the four contracts, she alleges nine independent theories as to how Defendant breached the contracts. Specifically, Plaintiff states that Defendant breached the contracts by refusing to pay benefits to [Plaintiff].[1] (Doc. 1, ¶¶ 28(d), 32(d), 36 (d), and 40(d)).

---

[1] Defendant does not contest this allegation in its motion. Therefore, the Court's analysis will focus on the remaining allegations of breach.

-1-

Additionally, Plaintiff alleges that Defendant breached the contracts by:

> a. improperly failing to consider and/or improperly ignoring information presented by [Plaintiff], her agents or physicians, establishing [Plaintiff's] entitlement to individual disability benefits;
>
> b. improperly utilizing Medical Examiners who are neither independent nor neutral;
>
> c. failing to properly evaluate [Plaintiff's] claims for benefits in a timely and efficient manner;
>
> e. acting without due regard for [Plaintiff's] interests;
>
> f. failing to abide by the implied covenant of good faith and fair dealing;
>
> g. failing to properly evaluate [Plaintiff's] claim for disability benefits;
>
> h. improperly failing to apply the appropriate standard to [Plaintiff's] right to current and future benefits under the Disability Policies according to applicable law; and
>
> i. Such other acts or failures to act as may constitute grounds for recovery in this action.

(Doc. 1, ¶¶ 28 (a-c, e-i), 32 (a-c, e-i), 36 (a-c, e-i), and 40 (a-c, e-i)).   Plaintiff also alleges in ¶ 18 of the Complaint that "[d]espite a plethora of medical evidence documenting [Plaintiff's] disability, [Defendant] continued to conduct an overly extensive and unreasonable appeals investigation."

On March 14, 2006, Defendant filed this Motion to Strike asking this Court to strike Plaintiff's allegations set forth above.[2]  Defendant argues that these allegations

---

[2] Specifically, Defendant requests this Court strike ¶ 18 and ¶¶ 28 (a-c, e-i), 32 (a-c, e-i), 36 (a-c, e-i), and 40 (a-c, e-i) of the Complaint.

are accusations of improper claim handling which are irrelevant to the breach of contract action and improper as a matter of law. (Doc. 6, p. 9). Further, Defendant maintains that the allegations should be stricken because they are prejudicial to Defendant, an attempt to make a bad faith claim, and/or an attempt to take the focus away from the only real issue for determination -- whether or not Plaintiff is disabled. (Doc. 6, pp. 9-10).

Plaintiff filed a Response to Defendant's Motion to Strike (Doc. 8) on March 28, 2006, and asserts that she is not seeking bad faith damages. Rather, she states she is merely seeking contractual damages and that she should be entitled to be "the master of her pleadings." (Doc. 8, p. 3). Moreover, Plaintiff argues that the allegations Defendant is attempting to strike are relevant because how Defendant breached its duties and how it came to its decision to deny Plaintiff disability benefits are relevant to her breach of contract claims. (Doc. 8, p. 6).

## II.   DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a party's motion, "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Typically "'a court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party.'" Nankivil v. Lockheed Martin Corp., 216 F.R.D. 689, 691 (M.D. Fla. 2003) (quoting, Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574), aff'd, 87 F. App'x 713 (11th Cir. 2003); Florida Software Sys., Inc. v. Columbia/HCA

Healthcare Corp., 1999 WL 781812, at *1 (M.D. Fla. 1999).  Because Plaintiff readily admits that she is not asserting any claims or seeking any damages other than those for breach of contract, the sole issue for this Court to decide is whether Plaintiff's allegations, set forth above, are immaterial, impertinent, prejudicial, or redundant to Plaintiff's breach of contract claims, as Defendant contends they are.

After a review of the allegations at issue in this matter, this Court finds that Plaintiff's allegations fall within two categories: (a) allegations relating to Defendant's alleged bad faith in the way it handled Plaintiff's claims, and (b) allegations relating to Defendant's alleged breach of the implied duty of good faith and fair dealing.  This Court will address the two categories of allegations separately.

### A. Allegations of Bad Faith

The first issue before this Court is whether Plaintiff's allegations, which relate to Defendant's alleged bad faith claim handling, should be stricken because they are irrelevant and/or immaterial to Plaintiff's breach of contract claims or prejudicial to Defendant.  Courts have defined "immaterial" or "impertinent" for the purposes of conducting a Rule 12(f) analysis.  An allegation which has no value in developing the issues in a case is "immaterial." Oaks v. City of Fairhope, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981) (quoting 2A Moore's Federal Practice P 12.21(1) at 2420 (2d ed. 1979)).  Allegations which are "'not relevant' to the issues 'involved in the case and which could not be put in issue or be given in evidence between the parties'" are "impertinent." Id.

Defendant argues that the contested allegations[3] prejudice Defendant and are immaterial and impertinent to the breach of contract claims because the focus of the action should be whether Plaintiff is disabled and not whether Defendant performed its obligations in good faith.  Plaintiff, on the other hand, argues that each of her allegations relate directly to the controversy and are thus, relevant.  She further argues that they do not prejudice Defendant.

It is clear that Plaintiff's allegations, labeled as ¶ 18 and ¶¶ (a-c), (e), and (g-i) above, are allegations of bad faith actions on the part of Defendant.   The parties agree that Plaintiff cannot assert a bad faith cause of action against Defendant at this time.  In fact, it is well established, under Florida[4] statutory law, that a party may not assert a first-party claim for bad faith against an insurer until the insured has proven liability in her underlying contractual claim.[5]   Talat Enterprises, Inc. v. Aetna Life & Cas., 952 F. Supp. 773, 776 (M.D. Fla 1996); *aff'd,* 217 F.3d 1318 (11th Cir. 2000) ("A first-party bad faith claimant cannot state a cause of action until he can allege that there has been a

---

[3]Defendant does not argue that allegation (f) is a claim for bad faith.  Therefore, the Court will not analyze allegation (f) under this section.  Defendant does, however, contest allegation (f) under its argument that Plaintiff does not sufficiently assert a claim for breach of the implied duty of good faith and fair dealing.  Consequently, the Court will analyze allegation (f) under its discussion of breach of the implied duty of good faith and fair dealing.

[4] Because jurisdiction in this case is based on diversity of citizenship and Florida is the forum state, Florida choice of law rules govern this action.  Florida choice of law rules provide that Florida law applies to this matter because the Plaintiff resided in Florida when Defendant issued the disability policies to her.  See Pastor v. Union Central Life Ins. Co., 184 F. Supp. 2d 1301, 1305 (S.D. Fla. 2002).  The parties do not dispute that Florida law applies.

[5] The parties both correctly assert there is no common law action for bad faith in Florida. See Talat Enterprises, Inc. v. Aetna Life & Cas., 952 F. Supp. 773, 754 (M.D. Fla. 1996); *aff'd,* 217 F.3d 1318 (11th Cir. 2000).

determination of the insured's damage."); Lane v. Provident Life and Accident Ins. Co., 71 F. Supp 2d 1255, 1256 (S. D. Fla. 1999) (noting that under Florida Statutes § 624.155 (1)(b), a claim for bad faith does not accrue until after an insured has proven liability in her underlying contractual claim); see also FLA. STAT. § 624.155 (2005) (authorizing insureds to assert claims against an insurer for various acts, including bad faith).

Plaintiff does not attempt to assert a separate cause of action for bad faith; however, her allegations within her breach of contract claims are indistinguishable from allegations of bad faith for improper claims handling.[6]  Therefore, the parties arguments focus on whether bad faith allegations are permissible and relevant in an insurance coverage dispute.  In conducting a Rule 12(f) analysis, the Court finds it necessary to look to the rationale behind the law prohibiting a party from asserting a first-party bad faith insurance claim until the issue of coverage is resolved.  Florida courts have made it clear that the rationale for such rule is as follows: if no insurance coverage exists, there can be no loss or injury for which the insurer is contractually liable and thus, the insurer could not have acted in bad faith in refusing to provide coverage for disability benefits. See OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 115 (Fla. 5th DCA 2005) (stating that there can be no liability for bad faith coverage if it did not exist in the first place);  Hartford Ins. Co. v. Mainstream Const. Group, 864 So. 2d 1270, 1272

---

[6]This Court finds Defendant's comparison of the contested allegations to the statutory authority which provides a basis for bad faith claims persuasive.  It is apparent that the contested allegations are allegations of bad faith which parallel the bases for asserting bad faith claims under the Florida statutes.  See FLA. STAT. § 624.155 (2005).

(Fla. 5th DCA 2004) (observing that the rationale for requiring coverage before a claim for bad faith may be prosecuted is because an insurer cannot be liable for bad faith if coverage does not exist).

Florida courts have held that allowing references to an insurer's alleged bad faith actions into evidence during litigation involving a coverage dispute will prejudice the insurer and could distort the jury's view of the coverage issue. See e.g., OneBeacon, 898 So. 2d at 115 (finding that the rationale behind the statutory rule requiring plaintiff to first resolve the coverage issue before bringing a bad faith claim was that a "carrier would clearly be prejudiced by having to litigate. . .a bad faith claim . . .in tandem with a coverage claim because the evidence used to prove bad faith or unfair practices could well jaundice the jury's view of the coverage issue."); Hartford Ins. Co., 864 So. 2d at 1272-73 (same).  Consequently, this Court believes that if Plaintiff is not authorized to assert a bad faith claim until she has proven liability, then it necessarily follows that evidence relating to Defendant's alleged bad faith is not relevant or admissible in the underlying breach of contract claim.

In other words, the reason coverage and bad faith dispute issues are tried separately is because the issue of whether a party is covered under a disability policy is determined from different facts and evidence than that used to determine whether an insurer acted in bad faith.  Consequently, pleading allegations or conducting discovery on the issue of improper claim handling is not allowed under Florida law unless Plaintiff first determines coverage exists.  Therefore, Plaintiff's bad faith allegations are prejudicial to Defendant.  See Hartford Ins. Co., 864 So. 2d at 1272 (stating that "as an

insured is not entitled to discover an insurer's claim file or documents relating to the insurer's business policies or claims practices until coverage has been determined, it is inappropriate to run the bad faith . . . claims conjoined with coverage issues.").

This, however, does not mean that Defendant will not have to provide Plaintiff and this Court with the reasons it denied Plaintiff disability benefits.  In fact, Defendant is correct in stating that it will be required to provide information to Plaintiff such as why it refused to pay Plaintiff benefits and which physicians' opinions it considered in making the determination that Plaintiff is not disabled.  (Doc. 6, p. 19).

While Plaintiff's allegations are of the type which can and should be plead in the event that Plaintiff proves disability coverage and thereafter asserts a bad faith claim against Defendant, they are irrelevant and inadmissible for her breach of contract claims at issue in this case.  Thus, this Court finds that the allegations fall within the definitions of "immaterial" and "impertinent" under Rule 12(f) and would be prejudicial to Defendant if ever reviewed by a jury.  Consequently, unless this Court finds that the allegations are relevant to Plaintiff's claim for breach of the implied duty of good faith and fair dealing, this Court is warranted in striking Plaintiff's allegations.  See Brown v. Seebach III, 763 F. Supp. 574, 583-84 (S.D. Fla. 1991) (granting defendants' motion to strike various portions of plaintiff's complaint because they are not permitted by Florida law); Nextel of New York, Inc. v. City of Mount Vernon, 361 F. Supp. 2d 336, 340 (S.D.N.Y. 2005) (striking various references in the complaint and reasoning that they were unnecessary and would be prejudicial if reviewed by a jury).

### B. Allegations of Breach of the Implied Duty of Good Faith and Fair Dealing

Plaintiff is correct in her assertion that "Florida law clearly allows a plaintiff to allege a breach of an insurance contract by means of a breach of the covenant of good faith and fair dealing implied in every contract." (Doc. 8, pp. 5-6). In fact, nothing in Florida Statute § 624.155 prevents Plaintiff from asserting a claim for breach of the implied covenant of good faith and fair dealing. Because Plaintiff argues that ¶¶ (c) and (f) support her claim for breach of the implied duty of good faith and fair dealing, this Court will not strike such claims unless they are also redundant, immaterial, impertinent and/or prejudicial to Plaintiff's claim for breach of the implied duty of good faith and fair dealing. Accordingly, the next issue for this Court to consider is whether Plaintiff's allegations in ¶¶ (c) and (f) are proper allegations in light of Plaintiff's claim for breach of the implied duty of good faith and fair dealing.

Paragraph (f), referred to above, directly states that Defendant breached the covenant of good faith and fair dealing. Defendant asks this Court to strike paragraph (f) from the Complaint because Plaintiff fails to point to an express contractual provision that Defendant breached. (Doc. 6, pp.16-18). Additionally, Defendant asserts that Plaintiffs allegations for breach of the implied duty of good faith and fair dealing are duplicative of Plaintiff's breach of contract claim. (Doc. 6, pp. 18-19).

Plaintiff states, however, that she intended both paragraphs (c) and (f) to state claims for breach of contract and breach of the implied duty of good faith and fair dealing. (Doc. 8, p. 6). She further states that she has a right to prove that Defendant breached both the express and implied terms of the contract. Id. Because this Court

has already found that paragraph (c) could be prejudicial to Defendant, this Court must now look at both paragraphs (c) and (f) to determine whether they should be stricken from Plaintiff's Complaint.

The parties agree that Florida law prohibits Plaintiff from asserting a separate claim for breach of the covenant of good faith and fair dealing. Plaintiff maintains that she can prove her breach of contract claim by showing Defendant breached the duty of good faith and fair dealing. (Doc. 8, p. 7). Defendant, however, asserts that Plaintiff cannot allege breach of the implied covenant of good faith and fair dealing because she has not alleged that Defendant breached an express provision of the disability policies. (Doc. 6, p. 17). Plaintiff responds that her allegations of breach relate to specific contractual provisions within the disability policies.

As stated above, in order for this Court to determine whether it should strike ¶¶ (c) and (f), this Court must again conduct an analysis under Rule12(f), which governs motions to strike. In circumstances where a party moves to strike allegations which together attempt to state a legal claim, a motion to strike can be treated as a motion to dismiss for failure to state a claim upon which relief could be granted. See Brown, 763 F. Supp. at 583 (treating a motion to strike as a motion to dismiss). Because Plaintiff states that she is attempting to plead breach of the disability policies by means of breach of the covenant of good faith and fair dealing, this Court finds that it is appropriate to treat Defendant's motion to strike as a motion to dismiss for failure to state a claim for breach of the implied duty of good faith and fair dealing.

As an initial matter, the Court notes: "'a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would not be entitled to recover under any state of facts which could be proved in support of his claim.'" Bearelly v. Florida Dept. of Corrections, 2002 WL 400779 *1 (M.D. Fla. 2002) (quoting, Cook & Nichol, Inc. v. Plimsoll Club, 451 F.2d 505, 506 (5th Cir. 1971)). In evaluating a motion to dismiss, "the allegations of the complaint must be accepted as true and viewed in the light most favorable to the plaintiff." Bearelly, 2002 WL 400779 at *1 (citations omitted).

Plaintiff cannot maintain a claim for breach of the implied duty of good faith and fair dealing unless she asserts a breach of an express contract provision. Centurian Air Cargo, Inc. v. United Parcel Service Co., 420 F.3d 1146, 1151 (11th Cir. 2005); Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999). Moreover, a claim for breach of the implied duty of good faith and fair dealing cannot be invoked to override the express terms of an agreement between the parties. Insurance Concepts and Designs, Inc. v. Healthplan Services, Inc., 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001). Finally, in order to state a claim for breach of the implied duty of good faith and fair dealing, Plaintiff must assert allegations different than those underlying the accompanying breach of contract claim. Shibata v. Lim, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000).

In their respective memoranda, the parties correctly state the law which governs breach of the implied duty of good faith and fair dealing; their disagreement however lies in their analysis of what constitutes breach of an express provision of the contract.

Plaintiff argues that paragraphs (c) and (f) support its claim for breach of the implied covenant of good faith and fair dealing.  Again, these paragraphs state that Defendant breached the disability policy by:

    c.       failing to properly evaluate [Plaintiff's] claim for disability benefits;

    f.       failing to abide by the implied covenant of good faith and fair dealing.

(Doc. 1, ¶¶ 28(c) and ( f); 32 (c)  and ( f); 36 (c) and ( f); and 40 (c) and ( f)).

Plaintiff asserts that these allegations of breach "relate specifically to contractual provisions within the policy of insurance." (Doc. 8, p. 7).   Plaintiff, in her memorandum, quotes several sections from the disability policies.  See id.   Notably, Plaintiff does not point to any express provision that Defendant breached.  In fact, Plaintiff does not even argue that Defendant breached one or more of the specific contractual provisions it points to in its memorandum.   Rather, Plaintiff argues that the provisions in the contract should be construed to provide for mutuality of obligation.  (Doc. 8, p. 8).  In other words, Plaintiff is asking this Court to read additional meaning into the express contractual terms.

The Court is not persuaded by Plaintiff's mutuality of obligation argument.  The law is clear that a claim for breach of good faith and fair dealing cannot override the express terms of the agreement.  See Insurance Concepts and Designs, Inc., 785 So. 2d at 1234.   Moreover, the duty of good faith does not attach until the Plaintiff can establish a specific contractual obligation.  See Johnson Enter. of Jacksonville, Inc. v. FPL Group, Inc., 162 F.3d 1290, 1314 (11th Cir. 1998); Insurance Concepts and Designs, Inc., 785 So. 2d at 1235.  Consequently, Plaintiff fails to state a claim for

breach of the implied duty of good faith and fair dealing and as such, allegations (c) and (f) should also be stricken.

After due consideration, it is

**ORDERED**:

Defendant Northwestern Mutual's Motion to Strike (Doc. 6) is **GRANTED**. Plaintiff's allegations in ¶ 18 and ¶¶ 28 (a-c, e-i), 32 (a-c, e-i), 36 (a-c, e-i), and 40 (a-c, e-i)) are stricken.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __14th__ day of April, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party